```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TRUSTEES OF THE HOTEL EMPLOYEES AND
RESTAURANT EMPLOYEES INTERNATIONAL
UNION PENSION FUND,

                   Plaintiff,         06 Civ. 6254(RLC)(DFE)
                                      (This is an ECF case.)
         -against-                    REPORT AND RECOMMENDATION
                                      TO JUDGE CARTER
2ND AVENUE DELICATESSEN, INC., and
LOWER EAST SIDE FINEST, INC.,

                   Defendants.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

Trustees of the Hotel Employees and Restaurant Employees International Union Pension Fund (the "Fund") sued 2nd Avenue Delicatessen, Inc. ("2nd Avenue Deli") and Lower East Side Finest, Inc. ("Lower East Side Finest") for remaining amounts due for withdrawal liability.

On May 15, 2007, the Fund filed a motion for default judgment against both defendants. (Docket Items ##14-17.)

On May 21, 2007, Judge Carter referred this case to me to conduct an inquest into damages to determine (a) whether default judgments should be granted against the defendants, and (b) the amount of damages to be awarded against the defendants (including reasonable attorneys' fees).

On July 20, 2007, the Fund filed a memorandum of law and a declaration in support of an inquest. (Docket Items ##22-23). To date, the defendants have not filed any opposition papers. There was a delay while the Fund contemplated whether to sue certain additional defendants.

For the reasons discussed below, I recommend that Judge Carter enter a default judgment against defendants 2nd Avenue Delicatessen, Inc. and Lower East Side Finest, Inc. in the total amount of $223,678.28.

## **DISCUSSION**

Upon the entry of a default judgment, the Court accepts as

- 1 -

true all of the facts alleged in the complaint, except those relating to the amount of damages. *See Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). An inquest is then conducted to determine the amount of damages. Accordingly, I accept the truth of the following facts alleged in the First Amended Complaint (Docket Item #3).

At all relevant times, 2nd Avenue Deli and Lower East Side Finest were owned, operated, and effectively controlled by Jacob Lebewohl, and therefore the two corporations can be treated as a single employer. (Docket Item # 3, ¶8; *see* 26 C.F.R. § 1.414(c)-2 (2007).)

In view of developments described in my orders dated November 26, 2007 and April 3, 2008 (Docket Items #26 and #31), the Fund considered whether to name Mr. Lebewohl and Uncle Abies Deli, Inc. as additional defendants. On May 5, 2008, I held a conference with Owen Rumelt (attorney for the Fund) and with Peter Kolodny (attorney for Mr. Lebewohl) and with Kenneth Kirschner (attorney for Uncles Abies Deli, Inc.) By letter to me dated June 30, 2008 (copy attached), Mr. Rumelt wrote: "We are in receipt of documentation produced by counsel for Jacob Lebewohl concerning, *inter alia*, the ownership of the trademarks initially owned by 2nd Avenue Delicatessen, Inc. ('2d Ave.') Based on the information provided, the plaintiffs concede that there appears to be no basis for a finding that either Jacob Lebewohl, personally, or Uncle Abies Deli, Inc. d/b/a 2nd Ave Deli ('Uncle Abies') are liable for any judgment which may be entered against 2nd Ave. in this matter under a 'control group' or related theory of liability." The Fund requests judgment against the defunct 2nd Avenue Deli and Lower East Side Finest, even though there seems to be no hope of collecting.

The Fund is an employee pension benefit plan as defined in 29 U.S.C. §§ 1002(2) and 1132, and is established and maintained pursuant to an Agreement and Declaration of Trust (the "Trust Agreement"). (Docket Item # 3, ¶5.)

At all relevant times, 2nd Avenue Deli was a party to a Collective Bargaining Agreement ("CBA") with the Hotel Employees & Restaurant Employees Union Local 100 of New York and Vicinity, of the Hotel Employees and Restaurant Employees International Union, AFL-CIO. The CBA was signed by 2nd Avenue Deli on November 1, 1990. (Docket Item # 3, ¶9.) Pursuant to the CBA, 2nd Avenue Deli was obligated to make regular and timely contributions to the Fund on behalf of all employees who were performing covered work. (*Id.*, ¶9.)

Together, the CBA and Trust Agreement provide for prompt payment of all employer contributions to the Fund and provide for liquidated damages in the event of a breach by 2nd Avenue Deli. (*Id.*, ¶10.)  The Trust Agreement and CBA also provide for payment of interest, attorneys' fees and costs incurred by the Fund in the collection of any delinquent payment.  (*Id.*, ¶11.)

On or about October 31, 1994, 2nd Avenue Deli withdrew from participation in the Fund.  (*Id.*, ¶14.)  The Fund initially calculated the amount owed for withdrawal liability to be $265,570.29.  The Fund notified 2nd Avenue Deli of this liability via notice on February 24, 1995, setting out a payment schedule calling for 240 monthly payments of $1,644.49 each.  (*Id.*, Ex. B.)  On August 7, 1998, the Fund notified 2nd Avenue Deli that, as the result of a subsequently finalized payroll audit, the withdrawal liability was slightly higher, namely $271,661.00, and hence the monthly payments were being increased to $1,725.21. (*Id.*, Ex. C.)  The notice stated that 2nd Avenue Deli had 90 days to object to this adjustment.  2nd Avenue Deli did not object. From 1998 through December 2005, 2nd Avenue Deli made payments in the increased amount of $1,725.21 per month.  (*Id.*, ¶¶17-18.)

In January 2006, 2nd Avenue Deli failed to remit its monthly payment to the Fund.  (*Id.*, ¶19.)  On January 31, 2006, the Fund demanded payment of the January payment plus interest per the Trust Agreement and CBA.  (*Id.*, Ex. D.)  This Demand Notice warned that, if 2nd Avenue Deli failed to remit the payment within 60 days, it would be deemed in default under 29 U.S.C. §1399(c)(5), and then the Fund would accelerate the payments of all outstanding withdrawal liability, along with interest from the date of the first untimely payment, and a statutory addition equal to the greater of the interest or 20 percent of all outstanding liability, as well as attorneys' fees and costs. (*Id.*, Ex. D.)

2nd Avenue Deli failed to cure the default; it made no payments of withdrawal liability after December 2005.  (*Id.*, ¶21.)  On August 17, 2006, the Fund came to our Court and filed a Complaint against 2nd Avenue Deli.  On December 29, 2006, the Fund filed the First Amended Complaint, which added Lower East Side Finest as an additional defendant.  Neither defendant has ever filed a response to the First Amended Complaint.  As mentioned earlier, the Fund filed a motion for default judgment on May 15, 2007.  (Docket Items ##14-17.)

<u>Withdrawal Liability plus Interest</u>

The Fund has shown that the defendants owe it unpaid

- 3 -

withdrawal liability contributions in the principal amount of $135,909.81, reflecting the total amount of withdrawal liability of $271,661.01 minus the contributions that were paid. A defaulting party is subject to an acceleration of the total unpaid withdrawal liability, as well as "accrued interest from the due date of the first payment which was not timely made." 29 U.S.C. §1399(c)(5). That due date was January 25, 2006.

The CBA, at page 37, says "the Employer shall then pay to the Pension Fund the sum of twelve (12%) percent interest per annum on all arrearages due to the Pensions Fund." (Docket Item #23, Ex. A, p. 37.) The Fund's 7/20/07 Inquest Memorandum, at pages 6-7, calculated that interest as of July 17, 2007 as $24,463.77. I have now recalculated for the much longer period from January 25, 2006 through April 25, 2009, and I find that the interest as of April 25, 2009 will be 39% of $135,909.81, hence $53,004.83.

### Liquidated Damages

29 U.S.C. § 1451(b) provides: "[A]ny failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title." Section 1145 of ERISA is enforceable pursuant to 29 U.S.C. 1132(g)(2), which provides, in pertinent part:

> ... [T]he court shall award the plan - -
>
> (C) an [additional] amount equal to the greater of - -
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the
>   plan in an amount not in excess of 20 percent
>   ... of the [unpaid contributions].

The Fund's Inquest Memorandum, at page 7, noted these two options, but sought liquidated damages of 20% of $135,909.81, namely, $27,181.96, even though that number was barely greater than the interest as of July 17, 2007. Because of the subsequent delays, the interest now exceeds $50,000. However, the Fund has not requested a switch to that greater number for calculating liquidated damages. Therefore, as to liquidated damages, I recommend an award of $27,181.96, the amount requested by the Fund's Inquest Memorandum.

### Attorneys' Fees and Costs

29 U.S.C. § 1132(g)(2)(D) also states that the court shall

award "reasonable attorney's fees and costs of the action." The Fund has submitted detailed records of the time spent by three attorneys and a paralegal through May 15, 2007. (Docket Item #16, 5/15/07 Declaration plus exhibits.) Partner Owen M. Rumelt has been admitted to the New York bar in 1985; associate Ezekiel D. Carder was admitted to the California bar in 2000 and the New York bar in 2005; associate Susan J. Cameron was admitted to the New Jersey bar in 2006. Compensation for all three attorneys is sought at the very reasonable rate of $150 per hour. *See I.L.G.W.U. Nat'l Retirement Fund v. ESI Group, Inc.*, 2003 WL 135797, at *3 (S.D.N.Y. Jan. 17, 2003) (awarding $150 per hour for associates in an ERISA action).

Additionally, the Fund seeks compensation for 14 paralegal hours at $90 per hour, a rate that I also find to be reasonable. *See Moon v. Gab Kwon*, 2002 WL 31512816, *2 (S.D.N.Y. Nov. 8, 2002) ("In the Southern District, paralegal fees have . . . been awarded at rates ranging from $75 to $130, depending on the amount of experience possessed by the paralegal.").

I find the time spent to be reasonable. I recommend that Judge Carter award the following in attorneys' fees:

```
Owen Rumelt      4.4 hours x $150=   $  660.00

Ezekiel Carder  13.6 hours x $150=   $2,040.00

Susan Cameron   19.4 hours x $150=   $2,910.00

Paralegal       14.0 hours x $90=    $1,260.00

                TOTAL ATTORNEYS FEES $6,870.00
```

I find the costs to be reasonable, and I recommend that Judge Carter award the following in costs:

```
United Process Service    $179.00
Federal Express           $ 47.39
LEXIS Research            $  4.72
Messenger                 $  8.00
PACER Research            $   .08
United Lawyers Service    $ 42.50
Service Fees              $ 80.00
 (NY Secretary of State)
Filing Fee, S.D.N.Y.      $350.00
      TOTAL COSTS         $711.69
```

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **I recommend that Judge Carter enter a default judgment in favor of plaintiff, against 2nd Avenue Delicatessen, Inc. and Lower East Side Finest, Inc. jointly and severally, in the total amount of $223,678.28**, calculated as follows: (a) unpaid withdrawal liability of $135,909.81; (b) liquidated damages of 20%, namely $27,181.96; (c) interest on the $135,909.81 at the contractual rate of 12% per annum from January 25, 2006 through April 25, 2009 (39% of $135,909.81 = $53,004.83); (d) attorneys' fees in the amount of $6,870.00; and (e) litigation costs in the amount of $711.69.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e., **no later than April 8, 2009**), by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. Robert L. Carter, U.S.D.J. at Room 2220, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), and 6(d). Any request for an extension of time must be addressed to Judge Carter.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007

Dated:   New York, New York
         March 20, 2009

Copies of this Report and Recommendation (and of Mr. Rumelt's 6/30/08 letter to me) were mailed on this date to:

Owen M. Rumelt, Esq.
Ezekiel D. Carder, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, 8th Floor
New York, NY 10011

- 6 -

2nd Avenue Delicatessen, Inc.
Lower East Side Finest, Inc.
c/o Mr. Jacob Lebewohl
c/o Uncle Abies Deli Inc.
162 East 33rd Street
New York, NY 10016

Hon. Robert L. Carter

# LEVY RATNER, P.C.
Attorneys at Law
80 Eighth Avenue
New York, New York 10011-5126

Telephone (212) 627-8100
Telecopier (212) 627-8182

Richard A. Levy
Daniel J. Ratner
Daniel Engelstein°
Gwynne A. Wilcox*
Pamela Jeffrey
Owen M. Rumelt*
Kevin Finnegan
Carl J. Levine
David Slutsky^
Allyson L. Belovin
Suzanne Hepner*

Ezekiel D. Carder°
Dana E. Lossia▼
Sara D. Newman*
Susan J. Cameron^
Micah Wissinger*

Senior Counsel:
Richard Dorn
Jennifer J. Middleton▲
Paul Schachter□
Denise Reinhardt■

Counsel:
Anthony DiCaprio
Michael Steven Smith
David P. Horowitz†

June 30, 2008

Honorable Douglas F. Eaton, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

Re: **Trustees of the Hotel Employees and Restaurant Employees International Union Pension Fund v. 2nd Avenue Delicatessen, Inc., *et al.*; Case No. 06 Civ. 6254 (RLC)(DFE)**

Dear Judge Eaton:

We are in receipt of documentation produced by counsel for Jacob Lebewohl concerning, *inter alia*, the ownership of the trademarks initially owned by 2nd Avenue Delicatessen, Inc. ("2nd Ave.") Based on the information provided, the plaintiffs concede that there appears to be no basis for a finding that either Jacob Lebewohl, personally, or Uncle Abies Deli, Inc. d/b/a 2nd Ave Deli ("Uncle Abies") are liable for any judgment which may be entered against 2nd Ave. in this matter under a "control group" or related theory of liability. Accordingly, we are writing to respectfully request that the Court enter judgment against defendants in this matter as a result of their default.

Respectfully yours,

Owen M. Rumelt

OMR:bms
cc: Kenneth Kirschner, Esq.
    Peter Kolodny, Esq.

{08013467}

° Admitted in NY, MA and DC   * Admitted in NY, NJ and PA   • Admitted in NY and DC   ^ Admitted in NY and NJ   ♦ Admitted in NY and CT
◊ Admitted in NY and CA   ▼ Admitted in NY, NJ and CA   ▲ Admitted in NY, CA and OR   □ Admitted in NY, NJ and PR   ■ Admitted in NJ only   † Admitted in NY and MA